

**ORDERED in the Southern District of Florida on March 23, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

MAURY ROSENBERG,                                CASE NO:  09-13196-BKC-AJC
                                                Involuntary Chapter 7 Case
        Alleged Debtor.
_____/
MAURY ROSENBERG,                                Adv. No. 10-03812-BKC-AJC

        Plaintiff,
vs.

DVI RECEIVABLES, XIV, LLC, et al.,

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION OF PETITIONING CREDITOR DEFENDANTS AND
U.S. BANK DEFENDANTS TO DISMISS ADVERSARY COMPLAINT**

THIS MATTER came before the Court for hearing upon the Motion to Dismiss Adversary Complaint [D.E. Adv. #18] filed by Defendants DVI Receivables, XIV, LLC, DVI Receivables, XVI, LLC, DVI Receivables, XVII, LLC, DVI Receivables, XVIII, LLC, DVI

Receivables, XIX, LLC and DVI Funding, LLC (collectively, the "Petitioning Creditor Defendants" or the "Petitioning Creditors") and by Lyon Financial Services, Inc. d/b/a U.S. Bank Portfolio Services ("Lyon"), U.S. Bank, N.A. ("USB") and Jane Fox (collectively, the "U.S. Bank Defendants").  The Court has reviewed the adversary complaint, the motion to dismiss and the memorandum in opposition filed by the Alleged Debtor, Maury Rosenberg [D.E. Adv. # 42] and has considered the argument of counsel at the hearing.  For the reasons set forth below, the Court grants the motion to dismiss as to all state law claims and as to the Sections 303(i) and 105(a) claims against the U.S. Bank Defendants and denies the motion to dismiss as to the Section 303(i) claims against the Petitioning Creditor Defendants.[1]

## BACKGROUND

This adversary proceeding arises from the dismissal of an involuntary chapter 7 bankruptcy petition filed against Maury Rosenberg.  Rosenberg moved to dismiss the involuntary petition on various grounds.  In granting his motion, this Court concluded that Rosenberg's guaranty runs to Lyon or USB, not to the Petitioning Creditors and that the Petitioning Creditors are not real parties in interest.  The Court also ruled that the Petitioning Creditors are judicially estopped to assert creditor status because, in an earlier Pennsylvania state court case, Lyon, not the Petitioning Creditors, sued Rosenberg to collect on the same debt.  Finally, the Court concluded that the debt is contingent, because a demand for payment was not made on Rosenberg, and that a bona fide dispute exists concerning a portion of the debt.  *See*

---

[1] Defendants Ashland Funding, LLC, Robert Brier and BG Management Services, Inc. filed their own motion to dismiss [D.E. Adv. #17], as did Defendants Robert Pinel and Flamm Walton, P.C. [D.E. Adv. #21].  The Court is entering separate orders with respect to these motions.  However, the Court is dismissing the state law claims against *all* Defendants for the reasons set forth herein.

Order and Memorandum Opinion Granting Motion of Alleged Debtor Maury Rosenberg to Dismiss Involuntary Chapter 7 Case, dated August 21, 2009 (the "Dismissal Order") [D.E. # 96]. That Order was affirmed on appeal in all respects but one, with respect to the contingency nature of the claim(s). However, such decision does not affect the issues before the Court on the subject Motion to Dismiss.

After the dismissal of the involuntary petition, Rosenberg filed a motion for sanctions against the Petitioning Creditors and various other parties under Section 303(i) of the Bankruptcy Code. The Court determined that, in order to attempt to seek relief against parties other than the Petitioning Creditors, Rosenberg was required to file an adversary complaint and to join the additional parties. Rosenberg then filed the instant adversary proceeding, which has superseded the earlier-filed motion for sanctions.

In this adversary proceeding, Rosenberg sues the Petitioning Creditors, as well as additional parties (the U.S. Bank Defendants), for attorneys fees, costs and damages pursuant to 11 U.S.C. § 303(i) and 11 U.S.C. § 105. In addition, Rosenberg seeks to recover damages based on state law claims of abuse of process and malicious prosecution and state law theories of recovery such as respondeat superior.

## DISCUSSION

## CLAIMS UNDER 11 U.S.C. §303(i)

Section 303(i) of the Bankruptcy Code grants bankruptcy courts authority to impose sanctions on petitioning creditors after an involuntary bankruptcy case is dismissed. It provides:

> (i)  If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment--
>
>   (1)  against the petitioners and in favor of the debtor for--

        (A)  costs; or

        (B)  a reasonable attorney's fee; or

    (2)  against any petitioner that filed the petition in bad faith, for--

        (A)  any damages proximately caused by such filing; or

        (B)  punitive damages.

The interpretation of a statute begins "with the language of the statute itself." *United States v. Ron Pair*, 489 U.S. 235, 241 (1989); *In re Hill*, 562 F.3d 29, 32 (1st Cir. 2009). If the statute's language is plain, "'the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms.' " *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000)); *Ron Pair*, 489 U.S. at 242. Unless the statutory language is ambiguous, a court should depart from the plain meaning only if the statute's plain meaning would lead to an "absurd" result. *Lamie*, 540 U.S. at 534. The meaning of "petitioners" is not ambiguous and would not produce an absurd result.

At the hearing on April 7, 2011, the Court noted that Section 303(i) uses the term "petitioner" rather than "petitioning creditor" and suggested that the term "petitioner" may be broader than "petitioning creditor" and might authorize sanctions against corporate officers who sign involuntary petitions. The Court has reviewed the case authority submitted by the parties on this issue, and has found reported cases applying Section 303(i) to impose liability on parties who were not the petitioning creditors. *See In re Oakley Custom Homes, Inc.*, 168 B.R. 232 (Bankr. D. Colo. 1994). The Court has considered this issue further and concludes that the term "*petitioner*" must be construed to include those agents and/or principals who sign the involuntary

- 4 -

petition for or on behalf of the Petitioning Creditors under principles of agency law and the doctrine of respondeat superior.

Courts have allowed an alleged debtor whose case is dismissed to impose Section 303(i) liability against not only the actual petitioning creditors, but also on those who act for or on their behalf of those creditors as agents or control persons. *Oakley*, 168 B.R. at 232. The court in *Oakley* specifically found an agency relationship between an individual and the petitioning creditors based on the individual holding himself out as an agent to both of the original Petitioning Creditors and for actively participating in events pertinent to the involuntary bankruptcy petition. *Id*. at 234. The *Oakley* court concluded that "[b]ecause of such agency, and other significant roles played, acts initiated, and conduct undertaken by [the agent], he has subjected himself to the jurisdiction of [th]e Court …. [and] due to the admitted agency relationship … and express authority granted … by [the principal] to [the agent], the actions of [the agent] are attributable to and, in part, may properly be considered, action of [the petitioning creditor principal]." *Id*. at 234-235.

The Movants argue that relief pursuant to the doctrine of respondeat superior is unavailable under 11 U.S.C. §303(i). However, it is well-settled that an employer may be subject to direct liability for the failure to control or supervise its employees when third parties are injured by the tortious acts of such employees. Moreover, an employer is vicariously liable for compensatory damages resulting from the negligent acts of employees committed within the scope of their employment even if the employer is without direct fault. *National R.R. Passenger Corp. v. Rountree Transport and Rigging, Inc*., 286 F.3d 1233 (11th Cir. 2002); *Abraham v. U.S.*, 932 F.2d 900 (11th Cir. 1991); *Mercury Motors Exp., Inc. v. Smith*, 393 So. 2d 545 (Fla. 1981); *Triefler v. Barnett Bank of South Florida, N.A.*, 588 So. 2d 240 (Fla. 3d DCA1991);

*Makris v. Williams*, 426 So. 2d 1186 (Fla. 4th DCA 1983).  This is based upon the long-recognized public policy that victims injured by the negligence of employees acting within the scope of their employment should be compensated even though it means placing vicarious liability on an innocent employer. *Id*.  Thus, an employer may be held liable for damages for the wrongful act of its employee that causes injury to another person if the wrongful act is done while the employee is acting within the apparent scope of his or her authority as such employee to serve the interests of the employer. *Gowan v. Bay County*, 744 So. 2d 1136 (Fla. 1st DCA 1999); *See also United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009) (under the doctrine of respondeat superior, an employer can be held liable for the tortious acts of its employee if "the acts were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer") quoting *Iglesia Cristiana La Casa Del Senior, Inc. v. L.M.*, 783 So.2d 353, 356 (Fla. 3d DCA 2001).

  A corporation can also be held "directly liable" for damages, including punitive damages, for the acts of its managing agents or those in a decision-making position. *See Schropp v. Crown Eurocars, Inc*., 654 So. 2d 1158 (Fla. 1995) citing *Bankers Multiple Line Insurance Co. v. Farish*, 464 So. 2d 530 (Fla. 1985). Clearly, a corporation can act only through its agents. *Sunrise Olds-Toyota, Inc. v. Monroe*, 476 So. 2d 240, 240-41 (Fla. 5th DCA 1985) (holding that "[a]ny intentional conduct attributed to a corporation must be committed by an officer, agent, or employee of the corporation."), *disapproved on other grounds*, *Martin-Johnson, Inc. v. Savage*, 509 So.2d 1097 (Fla.1987).  As such, the actions of an employee can be imputed to an employer corporation.

  Moreover, U.S. Bank, N.A., as a disclosed principal, may be held directly liable for the acts of Ms. Fox and/or Lyon, who allegedly acted as agent for U.S. Bank, N.A.  In this case, the

Complaint alleges an agency relationship between Lyon and U.S. Bank, N.A. The Complaint alleges that Lyon, at all relevant times, through the acts of Ms. Fox, openly acted as the agent for U.S. Bank N.A. Indeed, this Court found in its Dismissal Order that Ms. Fox testified on numerous occasions that Lyon and U.S. Bank N.A. maintained a contractual relationship establishing Lyon's role to act on behalf of and be compensated as an agent of U.S. Bank N.A. *See*, *e.g.*, [10/01/08 J. Fox Dep., at pp. 33, 35] [04/22/09 J. Fox Dep., at pp. 172-173]. The Court noted that the record evidence indicated that Lyon has consistently identified itself as the agent for U.S. Bank N.A. in this case. *See*, *e.g.*, [Ex. 75 (Settlement Agreement in the Original Bucks County Action defining Lyon "as agent for U.S. Bank, National Association as Trustee or Collateral Agent")] [Ex. 27 (Limited Guaranty defining Lyon "as agent for the Trustee")] [Ex. 49 (Complaint filed in Second Bucks County Action filed by Lyon "as agent for U.S. Bank, National Association as Trustee or Collateral Agent"]. A principal who knowingly permits its agent to act in an unauthorized manner remains liable to third parties who believe in good faith that the principal consented to the agent's acts.

Courts have determined that "causing" the improper filing of an involuntary petition may create personal liability under Section 303(i) against those who execute the involuntary petition. *See Jaffe v. Wavelength, Inc. (In re Wavelength, Inc.)*, 61 B.R. 614 (9th Cir. B.A.P. 1986) (affirming bankruptcy court's award of fees, costs, and damages against two individuals that caused the unauthorized filing of a petition despite allegedly acting on advice of counsel). In the instant case, Rosenberg imputes direct liability to U.S. Bank, N.A., as a disclosed principal, for the acts of Lyon, its agent. Rosenberg asserts U.S. Bank, N.A. allowed Lyon, through Ms. Fox, to portray itself to the world as if it were its agent and to take actions on its behalf with respect to its collateral in the servicing of the same (including collecting debts). Thus, Rosenberg, if

successful, can possibly hold U.S. Bank, N.A., Lyon, and/or Fox directly liable for the damages being sought in his Complaint, including punitive damages.

The Court believes Rosenberg has alleged sufficient facts in his Complaint to properly seek to impose Section 303(i) liability not only on all the Petitioning Creditors, but upon those actually signing the Involuntary Petition on behalf of the Petitioning Creditors, to wit, the U.S. Bank Defendants.

## **CLAIMS UNDER 11 U.S.C. §105(a)**

The adversary complaint relies on the Court's powers under Section 105(a) to support the Alleged Debtor's claims against the U.S. Bank Defendants.  Although the Court's powers under Section 105(a) are broad, Section 105(a) does not authorize the Court to rewrite Section 303(i) to incorporate concepts of aiding and abetting liability, control person liability or disclosed principal liability.

A bankruptcy court's general and equitable powers "must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988); *accord*, *SEC v. United States Realty & Improvement Co.*, 310 U.S. 434, 455 (1940) ("A bankruptcy court . . . is guided by equitable doctrines and principles except in so far as they are inconsistent with the Act").  *See also Official Comm. of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987) (district court's reliance on 11 U.S.C. § 105(a) was misplaced as "the equitable powers emanating from § 105(a) . . . are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules."); *In re Barbieri*, 199 F.3d 616, 621 (2d Cir. 1999) ("although § 105(a) grants a Bankruptcy Court broad powers, it does not authorize the Court to disregard the plain language of § 1307(b)").

Section 105(a) may be utilized only in a manner consistent with the provisions of the Bankruptcy Code. *See Johnson v. First Nat'l Bank of Montevideo*, 719 F.2d 270, 273 (8th Cir. 1984), *cert. denied*, 465 U.S. 1012 (1984); *In re Texas Consumer Finance Corp.*, 480 F.2d 1261, 1265 (5th Cir. 1973). Section 105(a) does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, *Southern Ry. Co. v. Johnson Bronze Co.*, 758 F.2d 137, 141 (3d Cir. 1985), to serve as "a roving commission to do equity," *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986), or to add remedies to the remedies that are explicitly set forth in the Bankruptcy Code to address particular conduct, *In re Joubert*, 411 F.3d 452, 455 (3d Cir. 2005) (citing *Alexander v. Sandoval*, 532 U.S. 275 (2001)). *See also Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002) ("it is not up to us to read other remedies into the carefully articulated set of rights and remedies set out in the Bankruptcy Code."); *In re Oxford Management, Inc.*, 4 F.3d 1329, 1333-34 (5th Cir. 1993) (Section 105 must be exercised in a manner consistent with the Code and does not create substantive rights); *In re Plaza de Diego Shopping Center, Inc.*, 911 F.2d 820, 830-31 (1st Cir. 1990) (court's equitable discretion is limited and cannot be used in a manner inconsistent with the commands of the Bankruptcy Code); *Holloway v. Household Automotive Fin. Corp.*, 227 B.R. 501, 504-05 (N.D. Ill. 1998) (Section 105(a) does not authorize the creation of new private rights of action).

Section 105 permits courts to impose contempt sanctions in certain circumstances. *See In re Hardy*, 97 F.3d 1384, 1389-90 (11th Cir. 1996) (holding that "Section 105 grants statutory contempt powers in the bankruptcy context" that may be used to award "monetary and other forms of relief for automatic stay violations"). But, the contempt power may be used only to require a party to comply with a statutory provision or court order where there is an ongoing

violation. Here, Rosenberg is not asking for contempt sanctions. Nor is Rosenberg alleging an ongoing violation of a statutory provision or court order. Rather, he is attempting to use Section 105 to create a cause of action (against parties other than the Petitioning Creditors) for conduct that occurred in November 2008, when the involuntary petition was filed. Cases in which bankruptcy courts have relied on Section 105 to impose damages for contempt are not applicable here.

Section 303(i) is a carefully written and detailed remedial provision. The Court's equitable powers under Section 105(a) may not be used to rewrite the statute to create damages remedies against additional parties. The Court must reject Rosenberg's attempt to impose liability on parties other than the Petitioning Creditors based on Section 105(a) or using Section 105(a) in conjunction with Section 303(i). Accordingly, Rosenberg's claims against the U.S. Bank Defendants under Section 105(a) fail to state a claim upon which relief may be based. The Court does not need to rely on Section 105(a) as support for the claims against the Petitioning Creditors, as Section 303(i) provides ample authority for such claims.

### PREEMPTION OF STATE LAW CLAIMS OF MALICIOUS PROSECUTION AND ABUSE OF PROCESS

The Court concludes that Rosenberg's state law claims for malicious prosecution and abuse of process are preempted by Section 303(i). The Supremacy Clause of Article VI of the United States Constitution provides Congress with the power to preempt state law. *Louisiana Pub. Serv. Comm'n v. Fed. Comm. Comm'n*, 476 U.S. 355, 368, 106 S. Ct. 1890, 1898, 90 L. Ed. 2d 369 (1986). Congressional intent is the key factor in determining whether federal law preempts state law. *California Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 280, 107 S. Ct. 683, 689, 93 L. Ed. 2d 613 (1987).

Congress can expressly state its intent to preempt state law. When a statute is silent on the issue of preemption, the intent to preempt state law is implied if Congress has legislated comprehensively and occupied an entire field of regulation, leaving no room for state law to be applied. *See Intern'l Paper Co. v. Ouellette*, 479 U.S. 481, 491 (1987).

In the bankruptcy arena, Congress has enacted a comprehensive statute – the United States Bankruptcy Code, as amended – which governs the field of federal bankruptcy law and grants the federal courts exclusive jurisdiction over bankruptcy cases. This exclusive jurisdiction extends to the filing of involuntary bankruptcy petitions and the remedies available for an improper filing. *See MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 913 (9th Cir. 1996); *Glannon v. Garrett & Assoc., Inc.*, 261 B.R. 259, 263 (D. Kan. 2001).

In Section 303(i) of the Bankruptcy Code, Congress enacted a comprehensive framework of remedies for alleged debtors aggrieved by improper involuntary bankruptcy filings. *Koffman v. Osteoimplant Tech., Inc.*, 182 B.R. 115, 124 (D. Md. 1995). The vast majority of federal and state courts that have considered this issue have held that 11 U.S.C. § 303(i) preempts a debtor's state law claims against petitioning creditors for the wrongful filing of an involuntary bankruptcy petition. *See*, *e.g*., *MSR Exploration,* 74 F.3d at 913 (malicious prosecution); *In re Reid*, 854 F.2d 156, 162 (7th Cir. 1988) (attorney fee claim); *Gonzales v. Parks*, 830 F.2d 1033, 1035, 1035-36 (9th Cir. 1987) (abuse of process); *In re Miles*, 294 B.R. 756, 759-60 (9th Cir. BAP 2003) (defamation, abuse of process, emotional distress, negligence); *Glannon*, 261 B.R. at 263 (abuse of process); *Koffman*, 182 B.R. at 125 (abuse of process and malicious prosecution); *Shiner v. Moriarty*, 706 A.2d 1228, 1234-38 (Pa. Super. Ct. 1998) (state law tort claims against creditors, their attorneys, and law firm for filing various improper bankruptcy papers); *Smith v. Mitchell Constr. Co.*, 225 Ga. App. 383, 481 S.E.2d 558 (1997) (state law tort claims against

creditor and its counsel for violation of automatic stay); *Raymark Indus. v. Baron*, 1997 WL 359333 (E.D. Pa. 1997) (wrongful use of civil proceedings, abuse of process, tortious interference with contractual business relations, civil conspiracy and attorneys fees); *Mason v. Smith*, 140 N.H. 696, 672 A.2d 705, 708 (1996) (wrongful filing); *Sarno v. Thermen*, 239 Ill. App. 3d 1034, 608 N.E.2d 11, 15-18 (1992) (conspiracy); *Gene R. Smith Corp. v. Terry's Tractor, Inc.*, 209 Cal. App. 3d 951, 257 Cal. Rptr. 598, 599-600 (1989) (abuse of process and malicious prosecution).

*See also Stone Crushed P'ship v. Kassab Archbold Jackson & O'Brien*, 589 Pa. 296, 908 A.2d 875 (Pa. 2006) (abuse of process claim based on allegedly frivolous counterclaim filed in bankruptcy court); *Edmonds v. Lawrence Nat'l Bank & Trust Co.*, 16 Kan. App. 2d 331, 823 P.2d 219 (1991) (creditor's malicious actions in bankruptcy case to attempt to revoke debtor's discharge); *Idell v. Goodman*, 224 Cal. App. 3d 262, 273, Cal. Rptr. 605, 608-10 (1990) (malicious prosecution action against creditor who improperly objected to discharge of debt).

Rosenberg cites *R.L. LaRoche, Inc. v. Barnett Bank of S. Florida*, 661 So. 2d 855 (Fla. 4th DCA 1995). In *LaRoche*, the Florida appeals court, reversing the trial court, concluded that malicious prosecution and abuse of process claims, for damages resulting from an involuntary bankruptcy filing, may be maintained in state court. The court found that Section 303(i) does not expressly grant exclusive jurisdiction to the bankruptcy courts over claims for damages based on the wrongful filing of an involuntary petition, and it found no basis to imply such exclusivity. The *LaRoche* decision is at odds with numerous federal and state cases holding that Section 303(i) is preemptive. Further, the *LaRoche* court decided only that the state court had jurisdiction to decide the common law claims asserted by the plaintiff. It did not decide whether

the claims stated valid causes of action or whether the elements of the claims could be proved. *LaRoche*, 661 So. 2d at 864 n.8.

Based on the reasoning in the majority of cases holding that state law causes of action are not available to an involuntary debtor who successfully obtains the dismissal of an involuntary petition, the Court concludes that Rosenberg's state law causes of action for abuse of process and malicious prosecution are preempted by federal law and fail to state causes of action upon which relief may be based.

## AIDING AND ABETTING LIABILITY

Section 303(i) does not expressly provide for aiding and abetting liability, as some federal statutes do. The Supreme Court has disapproved the notion of engrafting aiding and abetting liability into a federal remedial statute that does not expressly provide for such liability.

In *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, (1994), the Supreme Court held that a private litigant may not maintain aiding and abetting claims under Section 10(b) of the Securities Exchange Act of 1934, which imposes private civil liability on those who commit a manipulative or deceptive act in connection with the purchase or sale of securities. In reaching this holding, the Supreme Court explained:

> Congress knew how to impose aiding and abetting liability when it chose to do so. [Cites to statutes omitted]. If, as respondents seem to say, Congress intended to impose aiding and abetting liability, we presume it would have used the words "aid" and "abet" in the statutory text. But it did not. [Citations omitted.]

511 U.S. at 176-77.

Many federal statutes contain provisions allowing courts to impose liability on aiders and abettors. Section 303(i) does not. Accordingly, the Court concludes that Rosenberg's claims

based on "aiding and abetting" liability fail to state claims upon which relief may be based, as that there is no cause of action under Section 303(i) for aiding and abetting liability.

## JOINT AND SEVERAL LIABILITY

Rosenberg alleges that the Petitioning Creditor Defendants are jointly and severally liable for any amounts awarded under Section 303(i). In awarding fees, costs or damages under 11 U.S.C. §303(i), a bankruptcy court must consider the totality of the circumstances, not principles of tort liability to impose joint and several liability. *In In re Maple-Whitworth*, 556 F.3d 742 (9th Cir. 2009), the circuit court stated that:

> to impose joint and several liability on all petitioners of the class is contrary to individualized exercise of discretion unambiguously authorized by the statute, and ignores the consideration of the totality of circumstances in imposing liability required by our precedent.
> ***
> In exercising its discretion whether to award fees and costs, the bankruptcy court may consider factors including the relative culpability among the petitioners, the motive or objectives of individual petitioners and joining in the involuntary petition, and the reasonableness of respective conduct of the debtors and petitions, as well as other individualized factors. . . . Tort concepts in class theories of liability are irrelevant to these considerations.

*Id*. at 745-746.

While tort concepts and class theories of liability may be irrelevant to the flexible considerations of the court, a bankruptcy court nonetheless has discretion to hold all or some petitioners jointly or severally liable, to apportion liability or to deny an award against some or all petitioners depending on the totality of the circumstances. Id. *See, e.g., In re Southern California Sunbelt Developers, Inc.*, 608 F.3d 456 (9th Cir. 2010) (13 petitioning creditors were held jointly and severally liable for damages incurred by the debtors); *In re Ross*, 135 B.R. 230, 240 (Bankr. E.D. Pa. 1991) (where there was no evidence to differentiate the potential culpability of each of the petitioning creditors, the imposition of joint and several liability was affirmed).

Moreover, there is authority to hold parties who are not petitioning creditors jointly and severally liable with petitioning creditors under the totality of circumstances test in instances where there is a finding of bad faith conduct. Accordingly, joint and several liability may be appropriate under 11 U.S.C. §303(i) in the manner asserted by Rosenberg; therefore, the Motion to Dismiss claims of joint and several liability is denied.

### **SECTION 303(I) ALLOWS AWARD OF APPELLATE FEES**

Lastly, the Movants argue that Section 303(i) does not allow an award of appellate attorney's fees and/or prejudgment interest on attorney's fees. It is well-settled that an alleged debtor can recover legal fees incurred after dismissal of an involuntary case. *See In re John Richards Homes Bldg. Co., LLC.,* 405 B.R. 192, 199-200 (E.D. Mich. 2009); *In re Glannon*, 245 B.R. at 883-95; *In re Landmark Distributors, Inc*., 195 B.R. 837, 846 (Bankr. D. N.J. 1996); *In re Advance Press & Litho, Inc*., 46 B.R. 700, 703 (Bankr. D. Colo. 1984). Further, since the Petitioning Creditors moved this Court for rehearing and subsequently appealed the Dismissal Order (as amended by this Court on rehearing), Rosenberg can seek to recover his fees in connection with such appeal as part of his Section 303(i)(1) claims. *In re Atlas Mach. & Iron Works, Inc.*, 190 B.R. 796 (Bankr. E.D. Va. 1995) (fees allowed have included those incurred defending an appeal of the dismissal of the petition). Until all appeals are exhausted, Rosenberg's attorneys' fees and costs incurred in connection with the filing of the involuntary petition continue to accrue and are recoverable should Rosenberg prevail on appeal. Thus, the Court denies dismissal of Rosenberg's claim for appellate attorneys fees.

It is

**ORDERED** and **ADJUDGED** that the Motion to Dismiss Adversary Complaint [D.E. Adv. #18] filed by the Petitioning Creditor Defendants and the U.S. Bank Defendants is granted in part and denied in part as follows:

1. The motion to dismiss is denied as to the Section 303(i) claims alleged in Counts I and VIII against the Petitioning Creditor Defendants.

2. The motion to dismiss is granted with prejudice as to the malicious prosecution and abuse of process claims alleged in Counts XV and XVI against the Petitioning Creditor Defendants and the U.S. Bank Defendants.

3. The motion to dismiss is granted with prejudice as to the Section 105 claims alleged in Counts III and X against Lyon.

4. The motion to dismiss is granted with prejudice as to the Section 105 claims alleged in Count VII and XIV against USB.

5. The motion to dismiss is granted with prejudice as to the Section 105 claims alleged in Counts II and VIII against Fox.

6. The Court denies dismissal of Rosenberg's claim for appellate attorneys fees and reserves ruling on the issue of whether prejudgment interest may be awarded.

7. This order is without prejudice to any state law claims and remedies the Debtor may have against any of the Defendants herein for conduct other than the filing of the involuntary bankruptcy petition that was dismissed by this Court.

8. All relief requested but not specifically granted herein is DENIED.

# # #

Copies furnished to:
Peter H. Levitt, Esq.
Carlos Sardi, Esq.

Peter H. Levitt, Esq. [Attorney Levitt is hereby directed to furnish a conformed copy hereof to all parties in interest immediately upon receipt]