

**ORDERED in the Southern District of Florida on March 23, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

In re:

MAURY ROSENBERG,                                   Case No. 09-13196-BKC-AJC

    Debtor.
_____/
MAURY ROSENBERG,

    Plaintiff,                                             Adv. No. 10-3812-BKC-AJC-A

vs.

DVI RECEIVABLES, XIV, LLC, et al,

    Defendants.
_____/

**ORDER GRANTING THE LAW FIRM DEFENDANTS' MOTION
TO DISMISS PLAINTIFF ROSENBERG'S ADVERSARY COMPLAINT**

    Pending before the Court is the Motion to Dismiss the Adversary Complaint by Defendants, ROBERT PINEL and FLAMM WALTON, P.C.[1] (the "LAW FIRM Defendants")

---

[1] Formerly Flamm Boroff & Bacine, P.C. as indicated in the style of the Adversary Complaint.

(Adv. Dkt. No. 21), the Response to the Motion to Dismiss by Plaintiff MAURY ROSENBERG ("ROSENBERG") (Adv. Dkt. No. 42), and the LAW FIRM Defendants' Reply (Adv. Dkt. No. 47). On April 7, 2011, the Court convened a hearing on the LAW FIRM Defendant's motion to dismiss, along with motions to dismiss by all of the other Defendants. As set out below, the Court grants the LAW FIRM Defendants' Motion to Dismiss.

## I. BACKGROUND

This case involves efforts by certain parties claiming to be creditors, going back to 2003 to collect from Plaintiff, MAURY ROSENBERG ("ROSENBERG"), and his variously named "National Medical Imaging" limited partnerships, debts that arose out of the ownership and management by ROSENBERG's partnerships of medical imaging centers in Pennsylvania and several other states. These centers leased equipment from the Petitioners through a complex series of leases, securitizations, and loan guarantees among and between ROSENBERG and at least some of the Petitioners. *See* Adversary Complaint for Damages and Other Relief (Adv. Dkt. No. 1) at ¶¶ 4 – 94, which are assumed to be true for purposes of deciding this Motion to Dismiss.

Although the underlying dispute between the parties arises out of sophisticated commercial transactions, for the purposes of the LAW FIRM Defendants' Motion to Dismiss, the facts are not complicated. In November 2008 the Petitioners, represented by the LAW FIRM Defendants, filed an Involuntary Petition against ROSENBERG in the Bankruptcy Court for the Eastern District of Pennsylvania. The LAW FIRM Defendants remained as co-counsel after the involuntary petition was transferred to this District and the Petitioning Creditors retained Florida bankruptcy counsel.[2]

---

[2] Florida bankrupty counsel for the Petitioners represented them through the conclusion of the involuntary proceeding but have not been named as a defendant in this adversary proceeding.

This Court, while holding that ROSENBERG and his partnerships had defaulted on certain obligations, granted ROSENBERG's Motion to Dismiss the involuntary petition on several substantive and procedural grounds: (i) because the securitization of the leases deprived the Petitioners of an economic interest in the debts, the Petitioners are not real parties in interest, (ii) under the Settlement Agreement, ROSENBERG's guaranty runs not to the Petitioners, but to Lyon and/or U.S. Bank (the Trustee of several securitization trusts that hold security interests in the leases and the proceeds thereof), (iii) the Petitioners are judicially estopped to assert creditor status because Lyon was the named plaintiff in the state court confession of judgment action, (iv) the debts are contingent because a proper demand was not made to ROSENBERG, and (v) ROSENBERG raised *bona fide* issues concerning the amount of the debt. Petitioners appealed the August 2008 Dismissal Order to the District Court; the appeal was concluded in September 2011 with the affirmance of this Court's order of dismissal. The order was affirmed in all respects except one; the District Court reversed this Court's finding that the debt(s) was/were contingent. However, such decision does not affect the issues before the Court on the LAW FIRM Defendants' Motion to Dismiss.

After dismissal of the 2008 Involuntary Petition, ROSENBERG filed a motion seeking attorneys' fees, costs, and punitive and other damages for what he alleged to be the bad faith filing of the Involuntary Petition. Because ROSENBERG's motion sought relief against persons and entities who were not Petitioning Creditors, this Court declined to rule on the motion pending the filing by the Alleged Debtor of an Adversary Complaint so that those additional persons and entities could be added as parties and duly served with process.

ROSENBERG filed his Adversary Complaint against the Petitioners and various other parties, including the LAW FIRM Defendants. The Adversary Complaint seeks fees and costs

3

pursuant to §303(i)(1), damages and punitive damages for the alleged bad faith filing of any involuntary petition pursuant to §303(i)(2), and damages for alleged malicious prosecution and abuse of process pursuant to Florida state law.  The LAW FIRM Defendants have moved, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and Bankruptcy Rule 7012, to dismiss the Adversary Complaint for failure to state a claim upon which relief can be based.  For the reasons set forth below, the Court grants the motion to dismiss the claims against the LAW FIRM Defendants.

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST THE LAW FIRM DEFENDANTS UPON WHICH RELIEF CAN BE GRANTED

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . .  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . .  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (U.S. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960, 167 L.Ed. 2d 929 (2007)) (internal citations to and quotations from *Twombly* omitted).

### A. Section 303(i)(1) Does Not Permit Shifting a Successful Alleged Debtor's Fees to the Losing Petitioners' Attorneys.

In Counts IV and V, ROSENBERG, pursuant to Section 303(i)(1), seeks to recover from the LAW FIRM Defendants the fees and costs he incurred in defending against the Involuntary

4

Petition and in having to bring the Adversary Complaint. ROSENBERG contends the word "petitioner" in Section 303(i) should be read to mean **both** the person or entity on whose behalf the petition is filed **and** that person or entity's counsel. The Court disagrees. The plain language of Section 303(i)(1), **only** provides for an award **against petitioners**:

> (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—
>
> (1) **against the petitioners** and in favor of the debtor for—
>
> (A) costs; or
>
> (B) a reasonable attorney's fee;

11 U.S.C. § 303(i)(1) (emphasis added). Had Congress meant to shift the alleged debtor's fees to **both** the losing petitioner **and** the losing petitioner's counsel, it could have done so.

A court interpreting the Bankruptcy Code must begin with the plain language of the statute, and if the statute is clear, the inquiry is at its end and the statute must be enforced on its terms. *See In re: Miller*, 570 F.3d 633 (5th Cir. 2009) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 103 L. Ed. 2d 290 (1989); *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004)). "There is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted." *Lamie*, 540 U.S. at 542. A court must "presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut National Bank v. Germain*, 503 U.S. 249, 253-54 (1992). When the words of a statute are unambiguous, then "judicial inquiry is complete." *Id.* at 254.

The vast majority of courts interpreting this fee-shifting provision have followed these common-sense canons of judicial interpretation to hold that Section 303(i) does not permit an

alleged debtor to bring claims against the petitioning creditors' counsel. *See e.g.*, *Walden v. Bright Products, Inc.*, 787 F.2d 174 (5th Cir. 1986); *In re Glannon*, 245 B.R. 882, 892-893 (D. Kan. 2000); *In re Advanced Press & Litho, Inc.*, 46 B.R. 700, 706 (D.Colo. 1984)*; In re Merrifield Town Center Ltd. Partnership*, 2010 WL 5015006 *5 (Bankr. E.D. Va. 2010); *In re Squillante*, 259 B.R. 548, 554 n.7 (Bankr. D. Conn. 2001); *In re International Mobile Advertising Corp.*, 117 B.R. 154, 158 (Bankr. E.D. Pa. 1990); and *In re Ramsden*, 17 B.R. 59, 61 (Bankr. D. Ga. 1981).

Courts have rejected efforts to use Section 303(i) to award fees against the losing petitioner's counsel even when

> the improper motive [in filing the involuntary petition] can be traced more directly to the petitioning creditor's attorney . . . than to the petitioning creditors themselves. [Section] 303(i) speaks of an award against the petitioning creditors, and a creditor who authorizes his attorney to file an involuntary petition, even if poorly advised by his attorney, must bear the risk, if the petition is dismissed, of having to compensate the debtor for attorney's fees reasonably incurred in successfully defending against the petition. It would be tempting, in such circumstances, for the court to impose the attorney's fee award either solely on the petitioning creditor's attorney or jointly and severally on the petitioners and their attorney, but the plain language of § 303(i) permits an award only against "the petitioners."

*In re Merrifield Town Center Ltd. Partnership*, 2010 WL 5015006 at *5; *accord In re Ramsden,* 17 B.R. 59, 61 (Bankr. D. Ga. 1981) ("The court finds no authority to assess the costs and damages against the attorney whose acts of omission and commission caused these frivolous actions to be filed and heard. The judgment authorized under the statute seems directed only against offending petitioners.").

The reason for rejecting the notion of extending fee-shifting under Section 303(i)(1) to the losing petitioner's attorney is that the courts have other means of dealing with attorney misconduct, *See e.g.*, Rule 11, Fed.R.Civ.P., and Bankruptcy Rule 9011, and losing petitioners

6

themselves likewise have other avenues of pursuing relief against their attorneys for bad legal advice, if any. *See In re Advanced Press & Litho, Inc.*, 46 B.R. 700, 706 (D.Colo. 1984).

In contrast to the attorney sanctions rules, Section 303(i)(1) is essentially a fee-shifting, "loser-pays" statute, which expressly authorizes an alleged debtor to recover fees and costs "against a petitioner." *See In re Commonwealth Sec. Corp.*, 47 Bankr. Ct. Dec. 194, 2007 Bankr. LEXIS 312, ** 21-23 (Bankr. N.D. Tex. 2007).

> Section 303(i) is really a fee shifting statute while Bankruptcy Rule 9011 is not. [citation omitted] So, while with Section 303(i), the underlying policy purpose is to allow an alleged debtor to recover its reasonable costs and attorney's fees, regardless of whether there was bad faith or improper purpose (in other words, Section 303(i)(1) creates a statutory exception to the usual "American Rule," so that the losing involuntary petitioners will pay in the context of an unsuccessful involuntary petition), and while also with Section 303(i)(2), in the event of bad faith, there are potentially consequential and punitive damages that might be imposed, under Rule 9011 in contrast, the policy is not fee shifting but to deter wrong doing. With Rule 9011, the Rule 9011 movant has no entitlement to fees or any other particular sanction.

*Id.*

Significantly, however, the difference between Section 303(i)(1), as a "loser pays" fee-shifting statute, and the sanctions rules is that, under the sanctions rules, a court is first required to find that the attorney acted with bad faith or other serious misconduct before imposing sanctions. *See* Rule 11, Fed.R.Civ.P., and Bankruptcy Rule 9011. Reading into Section 303(i)(1) a right to shift fees onto the losing petitioner's *attorneys* would significantly alter the regulatory system set out in the sanctions rules adopted by Congress by eliminating the critical requirement that, before sanctioning an attorney, a court find that the attorney engaged in bad faith or other significant misconduct.

Given the long-standing existence of the rules for sanctioning attorneys, and the lack of any language in Section 303(i) demonstrating Congressional intent to allow fee awards against

an opposing attorney merely for losing, this Court will not read into that section a right to shift the alleged debtor's fees onto losing petitioners' attorney. Such an interpretation would go well beyond "filling a gap left by Congress' silence" and would, instead, constitute "rewriting rules that Congress has affirmatively and specifically enacted." Accordingly, because the LAW FIRM Defendants are not "petitioners," Section 303(i)(1) provides ROSENBERG no basis upon which he can state a claim against them.

### B. Section 303(i)(2) Does Not Permit Shifting a Successful Alleged Debtor's Fees to the Losing Petitioner's Attorneys

In Counts XI and XII, ROSENBERG seeks to recover fees and other damages under Section 303(i)(2) against the LAW FIRM Defendants, as attorneys for the losing Petitioners. Like Section 303(i)(2), subsection (i)(2) provides for fees to be awarded only against *petitioners*, not against petitioners' *counsel*:

> (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment —
>
> ***
>
> (2) *against any petitioner* that filed the petition in bad faith, for -
>
> (A) any damages proximately caused by such filing; or
>
> (B) punitive damages.

11 U.S.C. § 303(i)(2) (emphasis added).

Although this subsection requires a finding of bad faith before damages can be awarded, it, like the preceding subsection, contains no language indicating any Congressional intent to allow claims against the losing petitioners' counsel. Indeed, the language of the entire section is drafted to deal with parties, not their counsel. For instance, Section 303(i) permits the Court to "grant judgment" against any petitioner for "damages." Sanctions against counsel are not

8

typically "judgments," nor are they "damages." Thus, even though this subsection would require a finding of bad faith, reading into it a right to name opposing counsel in an action seeking a "judgment" for "damages" would still constitute "rewriting the rules" rather than "filling a gap left by Congress' silence." Accordingly, the Court will not read such a right into Section 303(i)(2).

### C. Claims Made Under 11 U.S.C. § 105 & Rule 9011 Do Not Provide Plaintiff With a Basis for Relief Against The Law Firm Defendants

In all four counts alleging claims under Section 303(i), ROSENBERG supplements his claims by referencing 11 U.S.C. § 105 and Bankruptcy Rule 9011 in the "wherefore" clause of each count. These passing references do not provide any further legal basis for ROSENBERG's claims.

Rights available under Section 303(i), Rule 9011, and Section 105 are separate and independent. *See In re Commonwealth Securities Corp.*, 2007 WL 309942 *6 (Bankr. N.D. Tex. 2007); *In re International Mobile*, 117 B.R. 154, 158 (Bankr. E.D. Pa. 1990). Section 105 does not permit a court to create substantive rights that do not otherwise exist under the Code:

> Although §105(a) . . . authorizes bankruptcy courts to fashion such orders as are necessary to further the substantive provisions of the Code, that provision does not . . . empower bankruptcy courts to act as "roving commission[s] to do equity." "Even the broad powers of the bankruptcy courts to fashion equitable remedies . . . must be exercised only within the confines of the Bankruptcy Code." The 'statute does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law . . . ."

*Southmark Corporation v. Grosz*, 49 F.3d 1111, 1116 (5th Cir. 1995) (internal citations omitted).

Further, to the extent ROSENBERG had any claims under Rule 9011 or Section 105, he failed to preserve them. Claims under Rule 9011 must be asserted prior to the entry of final judgment. *Gwynn v. Walker (In re Walker)*, 532 F.3d 1304 (11th Cir. Fla. 2008) (agreeing with

9

the Second, Fourth, and Sixth Circuits that a motion for sanctions must be made prior to final judgment or judicial rejection of the offending motion). The failure to seek sanctions after providing the requisite 21-day Safe Harbor in Rule 9011 and/or before the offending pleading has already been dismissed results in a waiver. *See also Berman (In Re: HNRC Dissolution Co.) v. Bill Fields Trucking*, 330 B.R. 555 (Bankr. E.D. Ky. 2005); *Raymark Industries, Inc. v. Baron*, 1997 U.S. Dist. LEXIS 8871 (E.D. Pa. 1997).

Here, ROSENBERG filed his Motion to Dismiss in December 2008 [Dkt. No. 2] but the motion did not assert a claim under Rule 9011. His October 2009 Motion to Award Fees & Costs, etc. [Dkt. No. 101] likewise did not seek sanctions under that Rule. The Court will not now permit ROSENBERG to use the authority granted under either Rule 9011 or Section 105 to extend the reach of Section 303(i) beyond its express provisions.

### D. The Bankruptcy Code Preempts the State-Law Malicious Prosecution and Abuse of Process Claims

The LAW FIRM Defendants further argue that Rosenberg's state law tort claims for malicious prosecution and abuse of process cannot survive dismissal based on the preemption doctrine. Section 303(i) of the Code clearly preempts state law tort actions for damages against petitioning creditors predicated upon the filing of an involuntary bankruptcy petition. *In re Miles*, 430 F.3d 1083 (9th Cir. 2005) (holding that 11 U.S.C. § 303(i) provides the exclusive basis for awarding damages based on involuntary bankruptcy petition filing); *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910 (9th Cir.1996) (holding that state malicious prosecution actions for events taking place within bankruptcy court proceedings are preempted); *Gonzales v. Parks*, 830 F.2d 1033 (9th Cir.1987) (holding that state courts lack jurisdiction over claim that filing of a bankruptcy petition is an abuse of process); *PNH v. Alfa Laval Flow, Inc.*, 2010 WL 2749594

(Ohio App. Ct. 2010) (debtor's claims of abuse of process and malicious prosecution against creditors who instituted involuntary bankruptcy proceeding preempted).

However, ROSENBERG asserts he may seek state law tort claims against non-petitioning parties. *See, e.g., R.L. LaRoche, Inc. v. Barnett Bank of South Florida, N.A.*, 661 So. 2d 855, 864 (Fla. 4th DCA 1995) ("And so we are drawn to conclude that, because there is no express grant of exclusive jurisdiction for these claims to the bankruptcy court and no strong reason to suppose that Congress gave such power by implication, not to mention the cloud of unconstitutionality that such a construction might place on the 1984 amendments to the bankruptcy court provisions, the causes of action asserted here may be brought as ordinary common law actions in a competent state court"). Relying on Fed. R. Civ. P. 8(d)(1), ROSENBERG argues that a party is allowed to "set out 2 or more statements of a claim … alternatively or hypothetically … either in a single count … or in separate ones." Fed. R. Civ. P. 8(d)(1). He states he may allege multiple separate claims without regard to consistency. Fed. R. Civ. P. 8(d)(1). ROSENBERG contends the federal preemption does not apply against non-petitioning parties, and he can therefore alternatively plead state law tort claims against the LAW FIRM Defendants in the alternative without regard to consistency.

The Court disagrees with ROSENBERG. ROSENBERG's claims for malicious prosecution and abuse of process against non-petitioning parties, based on the same nucleus of facts as the §303(i) claims against the petitioners, are preempted by 11 U.S.C. §303(i); section 303(i) is intended to compensate the alleged debtor for all fees, costs and damages arising from the filing of the involuntary petition. *In re Miles*, 430 F.3d 1083 (9th Cir. 2005) (§303(i)'s remedial scheme is comprehensive in that it specifically addresses the full range of remedies,

from costs and attorneys' fees for dismissed involuntary petitions to compensatory and punitive damages for involuntary petitions filed in bad faith).

The overwhelming weight of authority holds that state court claims arising from the dismissal of an involuntary bankruptcy are preempted by federal bankruptcy law. *Gonzalez v. Shiner*, 830 F.2d 1033 (9th Cir. 1987); *Glannon v. Garrett & Associates, Inc.*, 261 B.R. 259, 263-267 (D. Kan. 2001) ("An examination of the relevant case law leads the court to the conclusion that the Bankruptcy Code permits no state law remedies for abuse of the bankruptcy provisions."); *Koffman v. Osteoimplant Technology, Inc.*, 182 B.R. 115, 123-27 (Bankr. D. Md. 1995) (remedies provided under §303 preempt abuse of process and malicious prosecution claims); *Susman v. Schmid, (In re Reid)*, 854 F.2d 156, 162 (7th Cir. 1988) (attorney fee claim); *Miles v. Okun (In re Miles)*, 294 B.R. 756, 759-60 (9th Cir. 2003) (defamation, abuse of process, emotional distress, negligence); *Mason v. Smith*, 140 N.H. 696, 672 A.2d 705, 708 (1996) (wrongful filing); *Raymark Industries, Inc. v. Baron*, 1997 U.S. Dist. LEXIS 8871 (E.D. Pa. 1997) (wrongful use of civil proceedings, abuse of process, tortious interference with contractual business relations, civil conspiracy and attorneys' fees); *Gene R. Smith Corp. v. Terry's Tractor, Inc.*, 209 Cal. App. 3d 951, 257 Cal. Rptr. 598, 599-600 (1989) (abuse of process and malicious prosecution).

The basis for this overwhelming weight of authority is that Congress' authorization of certain sanctions under §303(i) for involuntary bankruptcy petitions filed in bad faith suggest that Congress rejected other penalties, including the kind of substantial damage awards that may be available in state court tort actions. *Miles*, 430 F.3d at 1090 (303(i) provides the exclusive cause of action for damages predicated upon the filing of an involuntary bankruptcy petition). The "highly complex" nature of the Code, and "the unique, historical, and even constitutional

need for uniformity in the administration of bankruptcy laws," undermines ROSENBERG's argument that Congress' failure to create a federal remedy against third parties implies that Congress intended to allow such parties to be pursued in state court actions.

The Florida bankruptcy courts which have decided this issue have ruled that the Bankruptcy Code preempts state law claims for abuses in the bankruptcy court. *See e.g., In re Pariseau*, 395 B.R. 492 (Bankr. M.D. Fla. 2008) (claims under Fair Debt Collections Practices Act and Florida Deceptive and Unfair Trade Practices Act were specifically preempted by the Bankruptcy Code); *In re Williams*, 392 B.R. 882 (Bankr. M.D. Fla. 2008) (Bankruptcy Code preempts state law claims arising from an abusive bankruptcy filing or other wrongful conduct committed during the course of the bankruptcy case). Accordingly, the Court dismisses Plaintiff's state law claims of abuse of process and malicious prosecution because they are preempted by the Bankruptcy Code.

For the reasons set forth, it is

ORDERED AND ADJUDGED that all of ROSENBERG's claims against the LAW FIRM Defendants (Counts IV, V, XI, XII, XV and XVI) are DISMISSED with prejudice.

###

Andrew J. Marchese, Esq. is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt of this Order and shall file a Certificate of Service with the Clerk of the Court.