

ORDERED in the Southern District of Florida on September 5, 2012.

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | Case No. 09-13196-BKC-AJC |
| MAURY ROSENBERG, | Involuntary Chapter 7 Case |
|     Alleged Debtor. | |
| _____/ | |
| MAURY ROSENBERG, | Adv. No. 10-03812-BKC-AJC-A |
|     Plaintiff, | |
| vs. | |
| DVI RECEIVABLES, XIV, LLC, et al., | |
|     Defendants. | |
| _____/ | |

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE
TO EXTEND EXPERT DISCOVERY DEADLINE**

**THIS MATTER** came before the Court for hearing on August 28, 2012 on Plaintiff's Motion for Leave to Extend Expert Discovery Deadline [ECF #450] (the "Motion"). The Motion seeks leave of Court to extend the deadline for expert discovery to add an expert witness

who will testify concerning applicable bankruptcy law. For the reasons discussed, the Court denies the Motion.

Plaintiff's Motion seeks to extend the discovery deadline for expert discovery for the purpose of presenting expert testimony on bankruptcy law issues at a jury trial scheduled in the United States District Court. Plaintiff asserts that he did not anticipate that the damages claims would be tried before a jury and that, in view of the withdrawal of reference, Plaintiff wishes to retain an expert to testify concerning "the legal consequences and ramifications of filing an involuntary petition, including the concept of bad faith and damages stemming as a result of the same." *See* Motion at ¶ 9. Plaintiff asserts that it will retain this new expert in short order and that Defendants will have an opportunity to select an opposing expert should they choose to do so. Defendants oppose the requested extension of the discovery period.

The Court is not persuaded to extend the discovery deadline for this purpose. The District Court has scheduled a final pre-trial conference for September 21, 2012 and a jury trial for the two-week period commencing October 9, 2012. As a practical matter, it is late in the day for each side to retain new experts who will need to prepare reports and then be deposed. More importantly, the Court is of the view that it is not appropriate for the parties to present expert testimony to a jury on matters of bankruptcy law.

The District Court should be the jury's only source for an explanation of the applicable law concerning the requirements for filing an involuntary bankruptcy petition, the standard for determining whether an involuntary petition was filed in bad faith and the consequences of such a filing. Allowing each side to present expert testimony on these issues will create a risk of jury confusion concerning the applicable law. Counsel for the parties will have the opportunity to prepare proposed jury instructions and to attend a charge conference. The jury instructions

adopted by the District Court will include instructions on the applicable law and legal standards. Although model or standard instructions may not exist for claims under 11 U.S.C. § 303(i)(2), the Court sees no impediment to crafting appropriate instructions suitable for this case.

Federal courts consistently exclude expert testimony intended to inform jurors about the applicable law or to present opinions concerning the application of the law to the facts of a given case. *See United States v. Newman*, 49 F.3d 1, 7 (1st Cir. 1995) ("[I]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.") (quoting *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 512 (2d Cir. 1977)); *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) ("Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge in the function of instructing the jury."); *Montgomery v. Aetna Casualty & Surety Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness may not testify to the legal implications of conduct; the court must be the jury's only source of law."); *Pension Committee of University of Montreal Pension Plan v. Banc of America Securities, LLC*, 691 F. Supp. 2d 448, 458 (S.D.N.Y. 2010) ("It is also well-established that expert witnesses are not permitted to testify about issues of law -- which are properly the domain of the trial judge and jury."); *GST Telecommunications, Inc. v. Irwin*, 192 F.R.D. 109, 110 (S.D.N.Y. 2000) (experts cannot "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it.") (quoting *United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999)). See also U.S. Aviation Underwriters, Inc. v. Pilatus, 582 F.3d 1131, 1150 (10th Cir. 2009); *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212-14 (D.C. Cir. 1997); *Snap–Drape, Inc. v. Commissioner*, 98 F.3d 194, 197-98 (5th Cir. 1996); *Berry v. City of Detroit*, 25 F.3d 1342, 1353-54 (6th Cir. 1994); *Aguilar v. International Longshoremen's Union, Local # 10*, 966 F.2d

443, 447 (9th Cir. 1992); *United States v. Leo*, 941 F.2d 181, 195-96 (3d Cir. l991); *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988) (*en banc*); *Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 366 (4th Cir. 1986).

The above cases make clear that instructing the jury on legal matters is the exclusive domain of the judge. Although Federal Rule of Evidence 704 permits an expert witness to give expert testimony that "embraces an ultimate issue to be decided by the trier of fact," an expert witness is prohibited from rendering a legal opinion because doing so would usurp the court's role and possibly confuse the jury. The Court believes that the District Court is capable of explaining the applicable law to the jury.

Plaintiff argues that it did not realize this case would be tried to a jury and, therefore, did not retain an expert in this area sooner. The Court notes that Plaintiff made a Jury Demand on March 12, 2012 [ECF #152]. Therefore, a possibility existed, since that time, that this case, or certain claims, would be determined to be tried by a jury. Notwithstanding, even if this were not the case, the Court would deny the Motion based on the nature and scope of the testimony sought to be offered by the proposed expert, as previously stated.

For the reasons set forth herein, the Court concludes that cause does not exist to extend the discovery deadline to enable Plaintiff to retain an expert witness to testify concerning *inter alia* the standard for determining whether an involuntary petition is filed in bad faith, the consequences of such a filing or the damages that may be recovered. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Extend Expert Discovery Deadline [ECF #450] is DENIED.

# # #

Submitted by:

Peter H. Levitt, Esq.
Shutts & Bowen LLP
Attorneys for Defendants
1500 Miami Center
201 South Biscayne Blvd.
Miami, Florida 33131
Email: plevitt@shutts.com
(305) 415-9447

[Attorney Levitt is directed to serve a copy of this order on all required parties and to file a Certificate of Service.]